May it please the Court, I'm Candace Jackson, counsel for Appellant. And I would also like to point the Court's attention to the fact that I'm accompanied today in the gallery by Dr. Dorothy Calabrese, a long-time and distinguished California physician with a specialty in allergens and immunology. It's not just a professional interest on her part, but a deeply personal one, having buried two children from the medical complications that she now seeks to treat for her patients. Dr. Calabrese served as the layperson representative for the aggrieved parties in the administrative proceedings below, and I believe has shown an admirable commitment to serving her patients' best interests, even at great personal financial cost to herself. I'd like to begin by addressing the issue of mootness that was raised by court order from the bench the day before yesterday. This case, of course, arises from challenges to two different local coverage determinations, both of which expressed the CMS contractor policy to never reimburse for the expense of transfer factor therapies or treatments, which Dr. Calabrese had been administering to a group of patients suffering from multiple chemical sensitivity syndromes. The administrative record includes two different department appeals board decisions regarding two of the different LCDs that are at issue here. For the purpose of discussion of whether any part of this case is now moot, we look at the last applicable LCD referred to in the record on this case as the third LCD, L28267. Its effective date was September 2, 2008. Its retirement date, as I think counsel and I just discovered this week, was apparently January 1, 2012. There are several reasons, however, why this case remains a live controversy, is not moot, and should not be dismissed on that ground. First of all, just for clarity, the CFR that mandates dismissal of review of an LCD that has been withdrawn or retired does not apply here because the ALJ had already rendered a final decision before the retirement date of this third LCD. More importantly, though, this court has held on several occasions that the doctrine of capable of repetition yet evading review is an exception to the mootness doctrine. For example, in Johnson v. Rancho Santiago. Before we get there, that doctrine only kicks in if you have a case that's moot. So we say the case may be moot, but you get review anyway because it's capable of repetition yet evading review. So are you conceding the mootness point and then going under the doctrine? That does not render a case not moot. It just renders it reviewable despite mootness. So I just didn't want you to leave the mootness. Do you have any other answers to the question of mootness? I mean, you said this was decided by the ALJ, but doesn't that, the fact that this has been retired, doesn't that mean that your client can go back and get a redetermination without being barred by the thing that's retired, the document that's retired? There are two answers. It's not bound by the earlier determination of the ALJ, right? Correct. Not if the LCD... That one would have been moot too, right? It would have been moot when that ALJ issued her decision. The ALJ's decision? Well, I mean, the thing was retired in 2012. When was the ALJ's decision? Back in 2012. The DAV reviewed the ALJ in 2010, so it was prior to that. But it's not a bar. Once the LCD is withdrawn, your client is free to go get an individual determination, right, even though there was a determination the LCD was valid, right? Correct. There are two responses to that, though. One is that this case involves allegations based in the Fifth and Fourteenth Amendments that there were corrupt or wrongdoing actions along the way, raising those kinds of issues alongside... Those issues raised before the ALJ or just on appeal? They were raised all the way along the administrative process, but they were treated by both the LAJ and the DAV as, quote, irrelevant. That's in the DAV decision from 2010. And it's that... Did you want to bring evidence outside the administrative record in order to prove that? Not necessarily. We do insist that it would have been appropriate for those kinds of claims to receive the ordinary treatment that any other civil case would have received, and that would be some rights of discovery. So in that sense, there could have been and should have been an avenue for some additional evidence at the district court review level. At the administrative levels, both the ALJ and the DAB review levels, there was not any consideration given to any constitutional or other statutory-based arguments because there's no room for that at that level. That's separate from the issue of mootness. You're now going into the merits of we exhausted the issue of mootness? Not quite yet, Your Honor. And that's because the fact that these constitutional allegations existed and never got a chance at the district court level to be... What would be the point? ...discovered... If the thing that you didn't get due process on is now moot, I mean, all you were trying to do is prove that the LCD is bad. Now the LCD is gone, right? No. No, the constitutional allegations would be their own violations and would potentially warrant their own redress even if the LCD... You have a separate claim not based on the LCD? It's related to the LCD in the sense that the conduct complained about occurred during the process, the administrative review process and challenge of the LCDs, but our contention is that those allegations could and should be allowed to be pursued with some discovery and then up or down on the evidence, how that turns out, but with some discovery regardless of whether the LCD is... I'm not understanding. If the LCD is gone, then... If the LCD is gone... ...what is the relief you get on the denial due process? Are we talking about damages here? What are we talking about? An injunction? What possible relief could you get? Injunction and damages are absolutely... You've claimed damages here? The complaint did not seek damages. It sought injunctive relief, but that injunctive relief... Okay. So if you didn't seek damages in the district court, is that a live issue here? It could be because, again, because this was terminated on summary judgment with no right       Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Am I witnessing... You didn't claim damages. You didn't have a claim for damages below. So how could a claim for damages keep the case alive? You filed a complaint in district court, and that's just another remedy of thought. Correct, but the... And what was the injunctive relief? And the injunctive relief could be that because the... because if the LCD, even if the LCD is now moot, if it's capable of repetition, evading review, if it was only... No, we're getting into capable of evading review. We're still on mootness. I'm coming to that. We're still on mootness. What would the injunction give you that the retirement of the LCD hasn't already given you? Sure, because the retirement of the LCD under case law falls within the language that says it's retired completely at the discretion and voluntary choice of the defendant. It's entirely within the defendant's control to reinstate it any time. But I thought... As the history of these LCDs shows, they have done repeatedly... But I thought in these circumstances before they can reinstate the same thing, they have to make a showing of essentially changed circumstances. I don't believe so, Your Honor, and that's not what's happened in this very case even to date. They had an initial LCD policy in 2004. They withdrew it voluntarily. That ended the first administrative proceeding that these same parties were involved in. They had to start over when the agency then implemented a new LCD, same substance, just a year after dismissal of the first administrative proceeding. So it's clear that this is an issue that's not going to go away. Can you cite any cases, the Stanford proposition, that when the action involved is the passage of a regulation, that that can be subject to capable repetition near the beginning of review? I mean, you've got a whole process here that they have to go through. This isn't just arbitrary or unilateral executive action. They have to start the whole process. I've never seen a case where that has been reviewed under capable repetition near the beginning of review. I think the Anderson v. Evans 371 F. 3rd 475 at 479, a 2004 Ninth Circuit decision, I think that's on point. Tell me about it. I think that that applies here because in that case, the court refused to vacate its opinion. Vacating his opinion is a whole different. That's a case where the that's a situation where the case is live when the opinion is rendered. And the question is, do we then vacate it in light of the fact that it becomes moot afterwards? A wholly different doctrine. The point is, though, in that case, I think it is very much on point because there the court said that even though the government had withdrawn and ceased issuing its quotas for the Macaw tribe to do its whaling for the year, the Anderson court said the court the government is free to implement that policy again at any time. Importantly, on the issue of mootness is that the burden of mootness belongs on the party seeking to enforce it. There is no evidence in the record at all here that the government and the agency won't simply reimplement the same policy. The history of the three LCD was it was done by a private carrier to whom a claim was submitted. What does that have to do with the government doing another regulation? It's issued by the CMS contractor. That's true. And then it's a private carrier. When a claim is submitted, they make a local determination. That's what it is. Right. Correct. And then the agency always stands by the interpretation of that and enforcement of that LCD. So it amounts to government agency action. You are not aware of the fact that this LCD has been retired? No, Your Honor. No, Your Honor. And I don't believe that counsel for the government was aware of it until this week either. Okay. Thank you. We'll hear from the government. Thank you. George Manan from the United States. May it please the Court. Defendants appreciate the courts raising the issue of mootness and only regret that it wasn't brought to the court by defendants in the first instance. But upon looking on it, it doesn't matter. Why was that? Because I was personally unaware that the LCD was retired. Well, a little quick research into the LCD on the Internet shows it's retired. I mean, you wouldn't do that on your own case? You've got clients who you don't talk to your clients? No, I was in frequent communication with HHS attorneys. They don't know either? Didn't? They never told. It was never communicated. And that's true. So when you say it's never been communicated, it sounds like they knew and they didn't tell you? No, no, no, no. I mean, I don't know. Unfortunately, the HHS attorney, when I came on board this case, who I was most in communication with, has now left and I believe retired. That would have been the most likely, besides my own thinking of the issue on my own and looking it up, that would have been the most likely source that I would have received it from. I haven't been able to talk to him because he left, but my great suspicion is he just failed to realize it as well. Does he have a replacement? I'm sorry? Does he have a replacement? Yes. And that replacement knows you're here arguing today? Absolutely. I've been in very frequent contact with many HHS attorneys over the last few days. Okay. What's the position of the department as to whether this case is moot or not? Thank you. Given the facts of this case, it does appear that the case is moot. You will let them know that we're not impressed with their legal skills? I will, Your Honor. And the point is well taken. It would have been much better to have this issue briefed rather than raised at the last minute. And if the court were to order supplemental briefing? We know what we can do, but it would be better to have briefing before argument. I agree, Your Honor. So in order to analyze the mootness question, the important thing to realize is there's two separate ways of challenging denials of Medicare. What happened in this case is that they specifically were challenging the LCD initially to an ALJ and the HHS Department of Appeals Board Civil Remedies Division. There's a separate process where you could actually challenge your individual claim. Hey, I got this treatment. I want to be paid. That is brought under Section 405 of 42 CFR, and it's a totally different process. It's a five-step process. It does not appear that that occurred here. Given that the only Can you do that if there's an LCD? Yes, and then it can be denied because of the LCD. Well, what you're saying is it can be done, but it's pointless because the LCD is a block. Can you challenge the LCD during that process? I think the appropriate way to challenge the LCD would be through Why don't you answer my question, and then we can talk about the appropriate way of doing it. Did you hear my question? I did, Your Honor. Okay. Do you have an answer to my question? Yeah, and I was trying to answer it. But you were answering a different question. I think what I should have said then, I'm sorry, Your Honor, is no, the appropriate place to challenge would be. No, that's enough. So when you tell us there are two ways of doing it, if there's an LCD in place, the one way is at the end, right? So what would be the point of trying to get an individual determination if there is an LCD in place that blocks that individual determination and that you cannot challenge the individual determination? At least arguably, if you are successful in challenging the LCD and it was found to be invalid. No, I'm sorry, but you just said you can't do it when seeking an individual determination. You can't challenge, cannot. I thought I heard you say you cannot challenge the LCD. Right, but what I'm also, in addition to that, what I'm also saying is if you do both and you're successful in challenging the LCD, then under 42 CFR 426.460B11, you're allowed to, the party who has successfully challenged the LCD, is allowed to have their individual claim reopened and redetermined without reliance on the LCD. Why, do you need to do that? Can't you just challenge the LCD and then bring a claim? You absolutely can. So what's the point of bringing a claim before you've successfully challenged the LCD? So you can get it denied and then set aside? Because that at least arguably opens the door to retroactively get a claim paid that may have since passed the time period for which you could challenge it. What's going on here? Is this case moot or not? I mean, is this LCD expired? What can the plaintiff do now? So I believe the case is moot because there was no individual claim brought. The only relief available to plaintiff in this case would be prospective determination that the process in which the LCD was upheld did not go correctly, and perhaps eventually the LCD would be found invalid. But that's basically already happened by the retirement of the LCD. All the remedies that the plaintiff would be entitled to in this case, they already have. So I believe the case is moot. I thought if the LCD is retired, they could still make a claim to the individual Medicare contractor. Yes. For any future care, they certainly could. Does Medicare cover this transfer factor therapy? There's a national coverage determination that Medicare does not cover it for multiple sclerosis patients. For any other patient, there's no NCD, and at least in our geographic area, there's currently no LCD. So the Medicare would still analyze any claim that was brought for transfer factor to determine if it was reasonable and necessary. I don't know if you want me to speculate. It's likely they would find that it wasn't for the very same reasons that they had the LCD. I don't need to speculate. I'm just wondering if, I mean, this whole thing. The ultimate determination is Medicare, and our determination is whether their determination is reasonable. That's right. If the case were to be found not to be moot, then you would be reviewing the district court's finding that the proper law was applied. Let's say that the LCD had not been retired, and we're standing here reviewing the district court's review of the department's decision. What is the maximum relief that plaintiff could get? From this, it would basically be a remand for a new determination whether the LCD was supported by an adequate record. Well, let's say we looked at it and we said it's not supported. We can tell it's not supported. What would be the relief? I don't believe that would be something this Court could do or would do, perhaps is a better way of saying it. Indulge me. Indulge me. Do you understand the question? No, please repeat it. Thank you. So you're ready to say we wouldn't, couldn't do it, but you can't, you don't remember what it is. Let's say we looked at it, it hadn't been withdrawn, and we say, boy, this is really garbage. There's no basis for it in the record. We reviewed the record, and there's no basis to support the LCD at all. And we remand for entry of judgment saying the LCD is invalid. What would be the relief, the maximum relief that a plaintiff could get under those circumstances? In this case, not in some other case. In this case. They would be able to prospectively bring claims for transfer factor treatment that would have to be individually analyzed. What about the claim for damages in the injunction that opposing counsel talked about? That's not available under the limited review of, that's allowed by 4642 U.S.C. 4405G. The only review of federal courts of the process that occurs in HHS is whether the Secretary's decision was supported by substantial evidence, and if proper legal standards were applied. That is the full extent of the review in federal courts. There's no damages, there's no injunction relief. So the only thing before us in this case, assuming it's, if it weren't moot or assuming the mootness were not an issue, is the validity of LCD without any actual claim for damages or any actual claim for substantive relief. Yes, it's the Medicare statute ties into Social Security type review, which the court's probably more familiar with. It's the same statute. Why is there a standing for anybody to raise this? Why isn't this anymore? I mean, again, if it weren't moot, since there's no substantive relief you can get. Well, there is the relief. Don't you have to show, just like in environmental cases, that you've got injury in fact, something that makes you, that gives somebody standing to bring such a claim? Well, the standing is, would be that they have wished to have Medicare pay for the transfer factor treatment, and if there was a live LCD. But if they haven't made a claim for reimbursement, an actual claim for reimbursement, do they have a live controversy on that? They have a live controversy of whether, of an appellate review of the process by which their challenge to the LCD was denied by HHS. So they go to HHS and they say, we challenge the LCD. You don't have to bring a claim, nothing. You just say, I think this LCD is wrong, and that's it. If you are denied, if the ALJ denies you and the DAB affirms that, then you have the right to have that appealed to the district court and to the. . . If you have any claim, anybody could do it. Anybody in the courtroom here could do it, could challenge the LCD before the agency. They don't have to show that they are aggrieved in any way. I just find that curious. Well, I think you would have to be a recipient of Medicare or a physician who is allowed to render claims to Medicare. But this is on behalf of a patient, right? There's no physician in this case. This is a tablature who wanted the treatment, right? The physician, at least initially in the HHS, was representing Ms. Habeller. But you're right, the plaintiff is a patient in this case. And she's not making a claim for past services for which she seeks reimbursement. She just wants a clarification that this will be reimbursable in the future. She wanted the LCD to be invalidated so that presumably she can, the patient could continue to receive transfer factor therapy. What about the argument that this is capable of repetition in a waiting interview? I don't believe so, Your Honor. First of all, if a new LCD, similar LCD, was written and a party challenged that, and if they separately brought an individual claim challenge, they would be entitled to have it heard even if the LCD then was, at least arguably, was subsequently withdrawn because they would be able to, if they were denied their individual claim, they'd be able to reopen that claim if the LCD was found to be invalid. Either way, if it was found to be invalid or if it was withdrawn, they could still make an individual claim to the Medicare contractor. Prospectively, absolutely. And you keep saying prospectively, but that's what the relief is now anyway that they're seeking is prospectively. That is correct in the facts of this case. Okay, thank you. Thank you. We are out of time. Do you want to take a minute for rebuttal? Just a moment, Your Honor. And that's just to bring to the Court's attention Johnson v. Rancho, Santiago Community College District, 623F31011, a 2010 Ninth Circuit decision for, again, the authority, just like the Anderson case, that the burden to show that no repetition of the challenge conduct is going to occur to these plaintiffs belongs squarely on the defendant, not on the plaintiff. And there's been no evidence here. But it's not just capable of repetition. It has to be capable of repetition, yet availing a review. Remember when Rogers was away, the Supreme Court said, well, it's a nine-month gestation period, and by nature of litigation, the case can't be decided in sufficient time to get an abortion. That's sort of the seminal case. There's no indication here that these things must be withdrawn within the time in which review would be available. So even if it's capable of repetition, it's not enough. It has to sort of inevitably or very likely avail a review. That's true. But for one thing, in the Johnson case, it was a three-to-five-year contract that was being challenged by non-union members, and the Court there found that the three-to-five-year period, we're moving far away from nine months now. But here there's no period because they don't have to withdraw these or retire them at all. Correct. They enter it and it can stay in place. Correct. But that's where cases like Johnson and Anderson point out another important factor, and that is where reinstatement of the same policy is purely within the voluntary control of the challenged party. That in and of itself can be a factor that points to evading review. I think Judge Kaczynski alluded to it earlier, one of my other colleagues. They just can't wake up in the morning and say we're reinstating the policy. They have to go through a whole formal procedure, don't they? The procedure for issuing the LCD requires public comment, but there's nothing that says that they have to take into account the public comment. I mean, they can simply reissue as soon as they publicize it. Have they done it? This was withdrawn in 2012 and we're now in 2016. That's correct. And if you look at the pattern, even in this particular case, they withdrew the LCD in 2006 that was under administrative review by these same parties, and within a year to the month they reissued the same substance in a new LCD. But they reissued it? They withdrew it in 2012. It's now 2016. Did they reissue it? Correct. I think as soon as this case is over, especially if it were dismissed on grounds of mootness, as soon as this case is terminated, then they are perfectly free to reimplement the same LCD under a new number. So you answered the Judge Wadler's no? The answer was. . . Did you hear the question? That they could. . . Why wouldn't they have reissued it already if it was dismissed in 2012? The question was have they reissued it? They retired in 2012? No, no, no. I'm sorry. No, they have not reissued anything on this topic yet. It's always good to answer the question. Yes, sir. And, again, the burden to demonstrate with evidence on the record that that is unlikely to happen belongs on the defendant. The Anderson case made that very clear. I'm sorry. The Johnson case made that very clear. There, the head of the community college just submitted an affidavit, and it was found to be not enough. Thank you. That case just argued. We'll stand some questions.
judges: Kozinski, Wardlaw, Korman